UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLAFLIN SERVICE COMPANY d/b/a CME CORP.,<br>　　　　　　　　Plaintiff<br>v.<br><br>MONUMENT CONSTRUCTION, LLC, and FRANKENMUTH MUTUAL INSURANCE COMPANY,<br>　　　　　　　　Defendants | CASE NO.:<br><br>**COMPLAINT** |

## JURISDICTION

1. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331.

## VENUE

2. Venue in this District is based upon 28 U.S.C. §1391 (b)(2) and 40 U.S.C. §3133 (3)(b) in that the transactions which are the subject of this action occurred within this District.

## PARTIES

3. Plaintiff, Claflin Service Company d/b/a CME Corp. (hereinafter "Plaintiff"), is a duly organized corporation with a principal office address located at 1306 Jefferson Blvd, Warwick, RI 02886.

4. Defendant, Monument Construction, LLC (hereinafter "Monument"), is a New Hampshire limited liability company with a principal office address located at 149 Lowell Road, Hudson, NH 03051.

5. Defendant, Frankenmuth Mutual Insurance Company (hereinafter "Frankenmuth"), is a duly organized corporation with a principal office address located at 1 Mutual Avenue, Frankenmuth, MI 48787.

## FACTS

6. Plaintiff was a supplier of materials on a project for the United States Department of Veterans Affairs for the Research Addition JP (hereinafter the "Project") (Contract No. 36E77619C0005) located at 150 South Huntington Avenue, Jamaica Plain, MA.

Claflin Service Company d/b/a CME Corp.
v. Monument Construction, LLC et al
Civil Action No.
Page 2

7. Plaintiff sold and delivered materials pursuant to a Purchase Order (PO 2513-92127) in the amount of $98,727.02 to Monument, the General Contractor, between May 3, 2022 and June 2, 2022. *See Purchase Order attached hereto as Exhibit "A"*.

8. The Owner of the Project is the United States Department of Veterans Affairs.

9. The Plaintiff is owed a remaining balance of $64,157.29 by Monument as demonstrated by the purchase order and invoices. Monument has been unwilling or unable to make payment although demand for payment has been made. *See Invoices attached hereto as Exhibit "B"*.

10. The Project required a payment and performance bond in which Frankenmuth provided a payment bond (Bond #SUR0000877) and acted as surety to payment made on the Project up to the amount of $15,587,619.00 in the event the Principal fails to make payment for the furnishing of labor, material, or both in the prosecution of work provided for in the Project. *See Payment Bond attached hereto as "Exhibit C"*.

11. Frankenmuth is liable to Plaintiff in the amount of $64,157.29 by virtue of their obligation as surety on the Payment Bond and the nonpayment of the Plaintiff.

## COUNT I
## BREACH OF CONTRACT - SALE OF GOODS
## v. MONUMENT

12. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 11 of its Complaint above.

13. Plaintiff provided materials on the Project at the request of Monument. Plaintiff is owed a total of $64,157.29 and Monument has been unwilling or unable to make payment despite demand.

    **WHEREFORE,** Plaintiff claims $64,157.29 plus interest and costs as allowed by this Court.

## COUNT II
## BREACH OF PAYMENT BOND
## v. FRANKENMUTH

14. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 13 of its Complaint above.

15. Plaintiff served all required notices and waited the requisite 90 day period of time since the last furnishing of supplies and filing of this complaint.

Claflin Service Company d/b/a CME Corp.
v. Monument Construction, LLC et al
Civil Action No.
Page 3

16. Plaintiff has not been compensated for the balance of the materials provided in furtherance of the Project which is covered by the Payment Bond. As a result, Plaintiff has a valid claim in the amount of $64,157.29 against Frankenmuth for Monument's obligations to pay Plaintiff for materials provided in furtherance of the Project.

17. Plaintiff is a proper claimant under the Payment Bond and is of the class of those persons entitled to a right of action under the Bond.

18. Plaintiff has complied with all requirements and conditions precedent in asserting its claim under the Payment Bond.

19. This Complaint is filed in the time and within the manner prescribed by the Payment Bond.

20. This Complaint names as Party Defendants all parties necessary as of the time the Complaint was filed.

21. All necessary Party Defendants are now before this Court for the purpose of enforcing the Payment Bond Claim of Plaintiff.

22. Plaintiff has complied with all the conditions precedent to recovery under the Payment Bond.

23. Frankenmuth has breached the Payment Bond by failing and refusing to pay, despite demand, the unpaid balance due and owing to Plaintiff in the amount of $64,157.29 in connection with materials supplied to and used in the construction of improvements to the Project.

**WHEREFORE**, Plaintiff claims $64,157.29 plus interest and costs as allowed by this Court.

## COUNT III
## UNJUST ENRICHMENT
## v. MONUMENT AND FRANKENMUTH

24. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 23 of its Complaint above.

25. Upon information and believe, the materials provided by the Plaintiff were part of the improvements constructed on the Project, and included in and part of the General Contract.

26. Upon information and believe, Monument would have been unable to perform its obligations under the Contract without the materials supplied by the Plaintiff to the Project.

27. As a direct and proximate result of the materials supplied by the Plaintiff to the Project, Monument has received a substantial benefit for which Plaintiff is entitled to be compensated.

28. Absent payment for the materials supplied, Monument will be unjustly enriched by the value of the materials provided by the Plaintiff.

Claflin Service Company d/b/a CME Corp.
v. Monument Construction, LLC et al
Civil Action No.
Page 4

29. Absent payment for the materials supplied, Frankenmuth will be unjustly enriched by the value of the materials provided by the Plaintiff by virtue of its liability under the Payment Bond.

30. The reasonable value of the materials provided by the Plaintiff is $64,157.29.

31. Plaintiff is entitled to recover the value of the materials provided in the amount of $64,157.29.

   **WHEREFORE,** Plaintiff claims $64,157.29 plus interest and costs as allowed by this Court.

## COUNT IV
## MILLER ACT CLAIM - 40 U.S.C. 3131 et seq.
## v. FRANKENMUTH

32. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 31 of its Complaint above.

33. Plaintiff is a proper claimant under the Miller Act Bond.

34. Under the Miller Act, 40 U.S.C. at §3131-§3333, Defendant Frankenmuth, as surety, executed a Miller Act Bond, as required by the Miller Act, in which Defendant Frankenmuth bound themselves to the United States of America.

35. Plaintiff, in accordance with the request of Monument, the General, provided materials and supplies in the amount of $98,727.02. The outstanding balance owed to the Plaintiff is $64,157.29.

36. Defendant Frankenmuth is obligated under the Miller Act Bond to pay Plaintiff for the balance of all materials and supplies provided in furtherance of the Project.

37. Plaintiff has complied with all notice and claim requirements of the Miller Act and Miller Act Bond.

38. Accordingly, Defendant Frankenmuth is liable under the Miller Act and Miller Act Bond in the amount of $64,157.29 to the Plaintiff.

   **WHEREFORE,** Plaintiff claims $64,157.29 plus interest and costs as allowed by this Court.

Claflin Service Company d/b/a CME Corp.
v. Monument Construction, LLC et al
Civil Action No.
Page 5

                                                The Plaintiff,
                                                By its Attorneys

                                                */s/ Gary M. Weiner, Esq.*
                                                Gary M. Weiner, Esq. BBO# 548341
                                                Robert E. Girvan, III, Esq. BBO# 569063
                                                WEINER LAW FIRM, P.C.
                                                1441 Main Street, Suite 610
                                                Springfield, MA 01103
                                                GWeiner@weinerlegal.com
                                                RGirvan@weinerlegal.com
                                                Tel. No. (413) 732-6840
                                                Fax. No. (413) 785-5666
                                                Date: May 31, 2023

Claflin Service Company d/b/a CME Corp.
v. Monument Construction, LLC et al
Civil Action No.
Page 6